JzSHORTESS, Chief Judge.
Lyman L. Watson (plaintiff) appeals the judgment of the trial court dismissing his suit against Reality Maintenance Services, Ltd., Realty Maintenance Services, Inc., Blackwater Livestock Farms, Inc., Blackwa-ter Road Acres, Inc., Blackwater Road Development Corporation, Watson Livestock Farm, Inc., Gillie G. Watson, Jr., Jeanette R. Watson, and Alex J. Theriot (collectively defendants) on exceptions of vagueness and prematurity.
Plaintiffs principal demand is to recover what he claims is his interest in his father’s estate. Plaintiff claims his father, Gillie Sr., fraudulently violated his duty not to disinherit his children except in a manner provided by law, and by doing so violated the provisions of the constitution and the statutes of Louisiana. Therefore, plaintiff maintains he has the right to sue as a forced heir without being initially recognized by a probate court.
On May 3, 1995, Gillie Sr. died intestate in a nursing home in Plaquemine, Louisiana. Gillie Sr. was survived by his three sons, Gillie Jr., Henry Wolfe Watson, and plaintiff. On May 3, 1996, plaintiff filed suit for breach of contract against defendants, contending his rights as an heir were violated. Defendants filed exceptions of nonconformity, vagueness, prematurity, and improper join-der of parties. The trial court sustained the exceptions and granted plaintiff time to amend his petition. In his amended petition, plaintiff asserted, among other things, that Gillie Sr. died penniless and beginning in 1982 until death, he and Gillie Jr. used “various corporations and assisted by other persons aiding and encouraging them, conspired, calculated, and fraudulently schemed to divest plaintiff of his vested constitutional right of inheritance.” Plaintiff further contended that Gillie Jr., because of his assisting in and encouraging the scheme, should lose his right and have no share in the property. Plaintiff also requested that Henry Watson have an ad hoc curator appointed since he was ab *1129 sent.[1] Defendants raised exceptions to the succeeding amended petitions, and the trial court granted plaintiff several opportunities to amend his petition. On July 29, 1997, the trial court granted | «defendants’ exceptions of vagueness and prematurity and dismissed plaintiffs suit with prejudice. Plaintiff appeals.
Plaintiff asserts as assignments of error that the trial court erred in 1) sustaining defendants’ exceptions of vagueness and prematurity, 2) faffing to review the totality of the circumstances, and 3) faffing to view the standard of conduct statutorily fixed as a “violation of a tort,” subjecting the tort-fea-sor to damages.
DISCUSSION
Plaintiff alleges that in May 1982 and August 1983 his father transferred to Watson Livestock Farms, Inc., all of his property[2] for $10.00 and other valuable consideration. Plaintiff contends the value of the property was approximately $450,000.00. Plaintiff also alleges Gillie Sr. remained in possession of the property until July-1984[3] despite the transfer of the land. He further maintains the property was subsequently transferred to the other corporations named as defendants in this suit, and that these corporations were owned and controlled by Gillie Jr. and his wife Jeanette.
Plaintiff argues the original transfer of his father’s property was a simulated sale or a disguised donation because his father remained in possession of the property after the sale and the property was sold for significantly less than its worth. Moreover, plaintiff asserts this transfer of his father’s property to the corporations rendered his father penniless at his death. Plaintiff also argues Gillie Jr., his wife, and Alex Theriot used the various corporations in an attempt to conceal his father’s property, thus violating plaintiff’s constitutional right as a forced heir to his inheritance.
Louisiana Civil Code article 1495 defines a forced heir.[4] Plaintiff alleges that he is a son and a forced heir as defined by the code, and article 1494 states a forced heir cannot be deprived of the portion of the donor’s estate reserved to him by law, unless that donor has just cause to disinherit the heir. Civil Code article 1493 sets forth the maximum amount a person can donate without impinging upon |4the forced heir’s forced portion. If a forced heir’s portion is impinged upon, the heir can have an excessive donation collated or reduced in succession proceedings.[5]
Also, plaintiff contends he has been injured by the concealment of his inheritance. The injury of which he complains, however, actually was not caused by defendants in this suit. According to his allegations, his father created and was the president of the corporations that initially acquired the property in question from him. If there has been a concealment here, it was the father’s actions that caused it, and unfortunately he is deceased. Additionally, assuming the facts alleged in plaintiffs petition are correct, plaintiff may have an action against the succession to annul the simulated sales.
The trial court stated in its oral reasons for judgment:
Unfortunately, the court is still unable to decipher exactly what is being sought here. It certainly appears that the relief you’re seeking, Mr. Conway, involves reduction and collation which needs to be filed in the succession.
CONCLUSION
Since plaintiff has not alleged relief that can be sought and because, as stated above, the relief that could be obtained is provided by succession law, we find the trial court’s granting of defendants’ exceptions of vagueness and prematurity is not erroneous.
*1130 We affirm the trial court’s action granting defendants’ exceptions and dismissing plaintiffs suit. Costs are assessed to plaintiff.
AFFIRMED.

. Plaintiff did not have an address for Henry Watson.

. The property transferred included 150 acres, including a barn that had been converted into a home.

. Plaintiff alleges that in 1984, Gillie Sr. had a stroke and was hospitalized. At that time, Gillie Jr. took possession of the property.

. Assuming Gillie Sr. died in 1995, the articles cited were applicable in 1995.

.See Civil Code articles 1227-1236.